Theodore G. Barlow, J. Jerome V. Giovinazzo,
an attorney, has moved to quash a subpoena duces tecum served upon him by the District Attorney, requiring him to produce before the Grand Jury a written and sworn statement executed by a witness who has appeared before the Grand Jury. The statement was executed prior to the witness’ appearance before the Grand Jury, but the District Attorney believes it contains statements inconsistent with the witness’ testimony and that it may exculpate the targets of the Grand Jury investigation or some of them.
The Grand Jury is inquiring into a homicide and related crimes. John and Robert Covino have been arrested along with other persons in connection with these crimes. Mr. Giovinazzo was retained to represent the Covino brothers and in the course of his representation of them he obtained the sworn statement in question. Subsequently he ceased to be their lawyer but retained the statement in his possession.
The moving party argues that the statement is part of an attorney’s work product and as such is protected from a subpoena duces tecum. He views the subpoena as an attempt to circumvent the provisions of CPL article 240 which expressly exempts from discovery statements of witnesses made to an attorney (CPL 240.10, subd 3, par [b]).
It is true that one of the effects of requiring Mr. Giovinazzo to produce the statement before the Grand Jury will be to make the statement available to the District Attorney for his use in preparing for and conducting the trial which may eventuate. But recognition of this incidental result does not resolve the issue presented in this motion.
We are faced here with a confrontation between conflicting policies. On the one hand is the policy in favor of allowing a Grand Jury the right to command the information and evidence it needs to carry out its constitutional (NY Const, art I, par 6) and statutory (CPL art 190) duties. On the other hand is the policy in favor of protecting an attorney’s work product and limiting discovery proceedings in this regard — a policy expressed in CPL article 240 and in CPLR 3101 (subd [c]).
*753 "[T]he grand jury’s authority to subpoena witnesses is not only historic * * * but essential to its task. Although the powers of a grand jury are not unlimited * * * the longstanding principle that 'the public . . . has a right to every man’s evidence,’ except for those persons protected by a constitutional, common-law, or statutory privilege, United States v Bryan 339 U.S., at 331, Blackmer v. United States 284 U.S. 421, 438 (1932); 8 J. Wigmore, Evidence § 2192 (McNaughton rev. 1961), is particularly applicable to grand jury’s proceedings.” (Branzburg v Hayes, 408 US 665, 688.) In United States v Nixon (418 US 683, 709), the court noted that the privileges referred to "are designed to protect weighty and legitimate interests . . . these exceptions to the demand for every man’s evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth.” It cannot be doubted that the duty to testify and disclose all that is necessary for the ascertainment of truth applies equally to the production of documents in a witness’ possession (8 Wigmore, Evidence, § 2193 [McNaughton rev, 1961], and cases cited).
Is an attorney’s right to exclusive possession of his work product such a weighty and legitimate interest that we should put witness’ statements beyond the Grand Jury’s reach? This court thinks it is not.
The reasons for protecting the privacy of an attorney’s work product have been definitively stated in Hickman v Taylor (329 US 495, 510-511). It is not a question of the scope of the attorney-client privilege; a witness’ written statement is clearly not within that privilege. It seems to be viewed as a rule which assists a lawyer in his role as advocate.
The court has found no case dealing with the precise issue presented here. But there is a recognizable trend in favor of requiring adversaries to produce statements of witnesses in their possession. Compare, for example, People v Rosario (9 NY 2d 286) with the earlier rule in People v Walsh (262 NY 140). Why should not the same right sense of justice which induced the Court of Appeals in Rosario to require the People to turn over the entire statement of its witness to the defendant during the trial, also require a lawyer to turn over to the Grand Jury a written statement of a witness, in his possession?
In People v Doe (35 App Div 2d 118, app dsmd 28 NY2d 820) it is stated that at least under some circumstances the First Amendment protection of the right of association will yield to *754 a Grand Jury’s demand for the membership list of a society. People v Woodruff (26 App Div 2d 236, affd 21 NY2d 848) illustrates the paramount importance given to Grand Jurys’ powers even when confronted by the First Amendment right of freedom of worship.
The court decides that the policy affording protection to a lawyer’s work product is not as strong as the policy favoring a Grand Jury’s access to the information and evidence it needs.
The motion to quash the subpoena duces tecum is denied.